1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDWARD DON BROWN,                      No.  2:22-cv-01571 DAD AC P

12                    Plaintiff,

13          v.                              ORDER

14   ALLISON, et al.,

15                    Defendants.

16

17          Plaintiff, a state prisoner proceeding without counsel, seeks relief pursuant to 42 U.S.C.

18   § 1983 and has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 in

19   this action.  ECF No. 11.  Pending before the court is screening of plaintiff's first amended

20   complaint ("FAC") and several notices and requests.  ECF Nos. 14-20.

21       I.    Statutory Screening of Prisoner Complaints

22              A. Legal Standards

23          As the court previously informed plaintiff, the court is required to screen complaints

24   brought by prisoners seeking relief against "a governmental entity or officer or employee of a

25   governmental entity."  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion

26   thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim

27   upon which relief may be granted," or that "seek[] monetary relief from a defendant who is

28   immune from such relief."  28 U.S.C. § 1915A(b).

                                              1

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

2

1  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

2  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

3            B.  First Amended Complaint

4        The FAC alleges that while plaintiff was housed at Mule Creek State Prison ("MCSP"),

5  four defendants—Kathleen Allison, Head Chief Medical Examiner at MCSP; Patrick Covello,

6  warden at MCSP; Dr. Young, psychiatrist at MCSP; and the County of Ione—violated his Eighth

7  Amendment rights and rights under the Health Insurance Portability and Accountability Act

8  ("HIPAA").  The FAC asserts four separate claims.

9        In Claim One, plaintiff alleges that defendants Allison and Dr. Young were deliberately

10  indifferent to his need to receive his mental health medication, Seroquel, in a sustained release

11  form.  Plaintiff alleges that defendant Allison issued a policy not allowing inmates to be

12  prescribed Seroquel unless no other medication works for that inmate, and in cases where it is

13  prescribed it must be "crushed and floated." Id. at 4.  Dr. Young and other doctors whose names

14  plaintiff does not know prescribed plaintiff Seroquel with a crush and float order.  Id.  Plaintiff

15  claims that receiving Seroquel in this manner can be fatal and that he complained to his doctors of

16  chest pains after taking the Seroquel crushed, but they continued to order his Seroquel crushed

17  and floated.  Id.  Plaintiff attaches important administration instructions from online sources

18  indicating Seroquel XR "should be swallowed whole and not split, chewed or crushed."  Id. at 24,

19  25.

20        Plaintiff further alleges that Dr. Young stopped prescribing plaintiff Seroquel because

21  plaintiff received a false rules violation report ("RVR") and was found guilty of having wine in

22  his cell.  Id. at 4-5.  After Seroquel was discontinued, plaintiff started hearing voices and several

23  months later, on March 12, 2024, plaintiff engaged in self-harming by cutting his wrists.  Id. at 4.

24  After plaintiff cut himself, Dr. Ortiz, who is not named as a defendant, cleared him to return to B

25  yard, even though plaintiff told Dr. Ortiz he was suicidal.  Id.  Plaintiff refused to go to B yard

26  and was placed in administrative segregation.  Id.

27        In Claim Two, plaintiff alleges that in 2000, he was shot multiple times, which resulted in

28  nerve damage and severe pain to his hand and head.  Id. at 13.  In 2012, at Kern Valley State

1    Prison ("KVSP"), he was taken off morphine. Id. Plaintiff was subsequently prescribed Lyrica,

2    but it was given to him crushed, which was not effective and instead made him feel "luppie [sic]

3    and dizzy." Id. at 13, 17. Plaintiff is currently receiving Motrin and Suboxone for pain, but

4    neither of them help with his severe pain. Id. 13-14, 17, 56. Plaintiff told his doctors that these

5    medications are not effective, reported the side effects, and requested marijuana for pain and for

6    his psychiatric problems, but his requests were denied. Id. Plaintiff asserts that California

7    Government Code § 845.6 requires that he be given effective pain medication. Id. at 16.

8        Claim Three asserts that on March 21, 2024, plaintiff was placed in a cell full of rust,

9    paint chips, and plugged vents, while he had open wounds on his wrists, which is a violation of

10   his Eighth Amendment rights. Id. at 57. Plaintiff claims he could have gotten very ill if rust had

11   entered his bloodstream, and that he reported feeling ill to custody and medical staff but he was

12   not moved to a different cell for several months. Id. at 59.

13       In Claim Four, plaintiff alleges that a data breach at the prison some time ago violated his

14   privacy rights under the Health Insurance Portability and Accountability Act ("HIPAA"). Id. at

15   73. By way of relief for his four claims, plaintiff seeks (1) the maximum amount of money

16   allowable, (2) for Seroquel to be given to him with no crush and float order, and (3) Morphine or

17   medical marijuana be provided to him. Id. at 94.

18       Within the FAC, plaintiff also alleges that his legal paperwork was stolen in 2022 and

19   asks the court to order MCSP to (1) give him a complete copy of his medical file, or (2) let him

20   sit at a computer to go through his medical records free of charge. Id. at 5, 6, 15, 18. Plaintiff

21   asserts that because he has been incarcerated for twenty-four years, his medical file is

22   voluminous, and he cannot afford to pay for the complete file. Id. at 6, 8. He also indicates that

23   CDCR did not or will not let him look at his medical records from 2012 without a court order. Id.

24   at 18. Lastly, plaintiff asks the court to investigate the conditions of his cell and for a lawyer. Id.

25   at 66.

26       C. Claims for Which a Response Will Be Required

27       After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that,

28   construing Claim One liberally, plaintiff has adequately stated a valid claim for relief under the

4

Eighth Amendment against defendant Dr. Young.  Dr. Young continued to order Seroquel be administered crushed and floated despite plaintiff's complaints that it was causing severe chest pain.[1]  The court also infers that Dr. Young subsequently discontinued plaintiff's Seroquel prescription, not because of his complaints of pain, without alternative mental health treatment for plaintiff's long standing mental health issues, which resulted in plaintiff's mental health deterioration.

>           D.  Failure to State a Claim

The court finds that the complaint does not state any claim against defendants Allison, Covello, or the County of Ione.

First, there is no private right of action to enforce HIPAA or seek relief for HIPAA violations.  Second, plaintiff does not specifically link defendants Covello or the County of Ione to *any* specific act or omission relating to his claims.  To the extent plaintiff names defendant Covello merely because of his position as warden, this is insufficient to establish § 1983 liability. Plaintiff must allege that Covello personally participated in or directed the alleged deprivation of constitutional rights or knew of the violation and failed to act to prevent it.  With respect to defendant County of Ione, it is entirely unclear on what basis plaintiff seeks to hold it liable.  To the extent plaintiff attempts to state a claim against the County of Ione based on the actions of its employees, for example a county doctor, he fails to do so because municipalities cannot be held vicariously liable under § 1983 for the actions of their employees.  Similarly, to the extent plaintiff attempts to state a claim against the County of Ione based on a policy, he fails to do so. He has not identified a municipal policy that amounts to deliberate indifference and that was the

---

[1]  The court notes that although plaintiff claims taking crushed Seroquel can be fatal, he is not a doctor and cannot make such assertion.  Additionally, although plaintiff cites to administrative instructions that state Seroquel XR (extended release) should not be crushed, they do not indicate that it should not be crushed because doing so is life-threatening, as opposed to other reasons, such as negating the extended-release function of the medication.  Moreover, plaintiff has not alleged that he was prescribed Seroquel XR instead of regular Seroquel, or that it is medically understood that neither can be crushed because doing so is life-threatening.  Accordingly, the court does not find a cognizable claim based on plaintiff's assertion that crushed Seroquel is life threatening, and only on his allegations that he suffered chest pains shortly after taking crushed Seroquel, told Dr. Young about the chest pains, and that Dr. Young continued to prescribe Seroquel be administered in this manner.

1  moving force behind the constitutional violations alleged.

2      Plaintiff also fails to state an Eighth Amendment deliberate indifference claim against

3  defendant Allison because he does not allege that she knew Seroquel XR should not be

4  administered crushed and nonetheless issued a policy that it be administered in that manner, or

5  that she knew plaintiff was suffering severe chest pain after taking Seroquel crushed and that she

6  continued to require his medication be crushed.

7      Plaintiff similarly fails to state an Eighth Amendment claim based on his prescription for

8  Motrin and Suboxone or for the conditions of his cell.  Plaintiff claims he told doctors that these

9  medications were ineffective, but he does not identify which doctors both (1) knew plaintiff was

10  still suffering from extreme pain while taking Motrin and Suboxene and (2) failed to treat his

11  pain.  Plaintiff also fails to identify which custody and/or medical staff knew he had open wounds

12  on his wrist and placed him in or kept him in a cell full of rust exposing him to serious risk of

13  harm.  To the extent plaintiff does not know the names of these individuals, at the pleading stage

14  this is acceptable.  He can refer to them as Doe Defendants; however, he must separately identify

15  each Doe Defendant (e.g. Doe #1, Doe #, Doe #3) and specify what each individual Doe did or

16  failed to do that violated plaintiff's rights, including what they were aware of and how they were

17  aware of these facts.

18      To the extent plaintiff is attempting to state an Eighth Amendment claim based on a false

19  disciplinary report, he does not allege who authored the disciplinary report, and even if he did, a

20  false disciplinary report does not give rise to an Eighth Amendment claim.  To the extent

21  plaintiff's references to Dr. Ortiz are an attempt to state a claim against him, they fail to do so

22  because plaintiff's health and safety were not put at serious risk by Dr. Ortiz's decision to clear

23  plaintiff to return to B yard.  Despite Dr. Ortiz's clearance, plaintiff was not returned to B yard.

24  Also, to the extent plaintiff is attempting to state a Fourteenth Amendment due process claim

25  based on the loss of his legal paperwork, he fails to do so because he does not allege who took his

26  paperwork, and even if he did, there is no § 1983 claim based on the unauthorized and random

27  deprivation of property by prison officials, whether intentional or negligent, because California

28  law provides an adequate post-deprivation remedy.  Lastly, to the extent plaintiff attempts to state

1  a claim based on a violation of state law—specifically California Government Code § 845.6—

2  such claim does not give rise to a § 1983 claim, which requires a violation of federal rights.

3           E.  Options from Which Plaintiff Must Choose

4           Based on the court's screening, plaintiff has a choice to make.  After selecting an option

5  from the two options listed below, plaintiff must return the attached Notice of Election form to

6  the court within 21 days from the date of this order.

7           **The first option available to plaintiff is to proceed immediately against defendant Dr.**

8  **Young on his Eighth Amendment deliberate indifference claim.  By choosing this option,**

9  **plaintiff will be agreeing to voluntarily dismiss defendants Allison, Covello, and County of**

10 **Ione, and his claims of Eighth Amendment deliberate indifference based on pain**

11 **medication, Eighth Amendment conditions of confinement, Fourteenth Amendment Due**

12 **Process based on lost or stolen property, and HIPAA and state law violations.  The court**

13 **will proceed to immediately serve the complaint and order a response from defendant Dr.**

14 **Young.**

15          **The second option available to plaintiff is to file an amended complaint to fix the**

16 **problems described in Section I.D.  If plaintiff chooses this option, the court will set a**

17 **deadline in a subsequent order to give plaintiff time to file an amended complaint.**

18 II.      Plaintiff's Additional Requests

19           A.  Request for Court Investigation and for Copies of his Medical Records

20          As noted above, the FAC requests that the court investigate the conditions of plaintiff's

21 confinement and for a copy of his complete medical file.  These requests will be denied.  See ECF

22 No. 14 at 5, 6, 15, 18.  Plaintiff also subsequently filed a notice that he has not been able to

23 review his medical records on a computer and is asking the court to instruct him on what to do.

24 ECF No. 19.

25          First, plaintiff is informed that the court does not have authority to conduct an

26 investigation on plaintiff's behalf.  Second, to the extent plaintiff seeks discovery related to this

27 case, plaintiff's request will be denied as premature.  The case is still at the screening stage and

28 no defendant has been served.  In the event any defendant is served and files an answer, a

7

1   schedule will be set for discovery at that time.[2]

2       Additionally, the court understands that plaintiff believes he needs these documents to

3   state his claims because he does not know the names of each doctor or custody or medical staff

4   that violated his rights.  As explained above, if plaintiff does not know the names of specific

5   defendants, at the initial pleading stage he can refer to them as Doe Defendants.

6       The court also notes that although it reviewed the exhibits attached to the complaint as a

7   one-time courtesy, it is not the duty of the court to look through the attached exhibits to determine

8   whether they contain additional facts that would support a cognizable claim under § 1983.

9   Rather, the court looks to the factual allegations contained in the *complaint* to determine whether

10  plaintiff has stated a cognizable claim for relief.  As such, if plaintiff elects to amend the

11  complaint, he is discouraged from including attachments (e.g. medical records) to the complaint.

12  Instead, plaintiff should use this district's complaint form and focus on explaining to the court

13  what each defendant did or failed to do that he believes violated his rights.

14       B.  <u>Request for Appointment of Counsel</u>

15      Plaintiff's request for an attorney is construed as a motion to appoint counsel and will be

16  denied.  District courts lack authority to require counsel to represent indigent prisoners in section

17  1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In exceptional

18  circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  <u>See</u> 28

19  U.S.C. § 1915(e)(1); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v.</u>

20  <u>Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

21  circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

22  well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

23  legal issues involved.  <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

24  abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional

25  circumstances is on the plaintiff.  <u>Id.</u>  Circumstances common to most prisoners, such as lack of

26

27  _____

    [2]  Plaintiff is advised that if the case proceeds to discovery, he should not file his requests for
    production with the court and should direct them to defense counsel.  <u>See</u> Fed. R. Civ. P. 5(b);
28  E.D. Cal. L.R. 250.1, 250.2, 250.3, and 250.4.

1  legal education, do not establish exceptional circumstances that warrant a request for voluntary

2  assistance of counsel.

3  Having considered the factors under Palmer, the court finds that plaintiff has failed to

4  meet his burden of demonstrating exceptional circumstances warranting the appointment of

5  counsel at this time.  As screened, plaintiff has only stated a claim against one defendant for

6  deliberate indifference.  To the extent he can amend the complaint to state other claims against

7  other defendants, those claims also appear to be Eighth Amendment claims.  Nothing so far has

8  indicated that this case is particularly complex or that there are other exceptional circumstances

9  warranting appointment of counsel at this time.

10      C.  Requests for Status

11  Plaintiff filed a notice informing the court of his change of address and asking the court

12  for status of his case.  ECF No. 15.  Specifically, plaintiff wants to confirm that the court received

13  his FAC.  Plaintiff recently filed a second request for status, seeking an update regarding his case

14  and informing the court that he is receiving inadequate medical care at California Correctional

15  Institution ("CCI").  ECF No. 20.

16  Plaintiff's requests for status are granted and this order serves as s response to his

17  requests.  Plaintiff is informed that the court did receive the FAC, and this order has screened the

18  FAC.

19  To the extent plaintiff's notice is intended to raise new claims based on inadequate

20  medical care at CCI, plaintiff is informed that unrelated claims against different defendants must

21  be pursued in separate lawsuits.  Should plaintiff choose to amend his complaint, he should

22  carefully review the legal standards in Attachment A with respect to joinder of parties and claims.

23      D.  Request for A Sentence Modification

24  Plaintiff filed a writ for a sentence modification seeking to dismiss the enhancement of the

25  crimes he pled guilty to.  ECF No. 16.  It is not clear whether this was document was intended to

26  be filed in this case.  To the extent that it was, plaintiff is advised that the relief he seeks is not

27  relief available for § 1983 violations.  Claims challenging an inmate's conviction or sentence are

28  habeas corpus claims and should therefore be filed as such, and not as part of a civil rights

9

1    complaint under § 1983.  Accordingly, plaintiff's request is denied.

2            E.  Requests for Clarification

3        Plaintiff has filed two notices informing the court that High Desert State Prison ("HDSP")

4    is withdrawing more than twenty percent (20%) of the sum left after he has paid restitution each

5    month.  See ECF Nos. 17, 18.  He asks the court to provide clarification to HDSP concerning the

6    court's order.  Id.  The court construes these requests as requests for clarification concerning the

7    court's order directing monthly payments.  These requests will be granted.

8        Plaintiff is informed that the court order directing payment for the filing fee in this case

9    states that "the Director of the California Department of Corrections and Rehabilitation or a

10   designee shall collect from plaintiff's prison trust account monthly payments in an amount equal

11   to twenty percent (20%) of the preceding month's income credited to the prisoner's trust

12   account."  ECF No. 12 at 2.  Nowhere in the order is the twenty percent limited to funds

13   remaining after restitution has been paid.  Nor does 28 U.S.C. § 1915(b)(2) require such

14   calculation.  See 28 U.S.C. § 1915(b)(2) ("After payment of the initial partial filing fee, the

15   prisoner shall be required to make monthly payments of 20 percent of the preceding month's

16   income credited to the prisoner's account."); see also Parks v. Peterson, No. C-12-1352 EMC

17   (pr), 2013 WL 3821609, at *4, 2013 U.S. Dist. LEXIS 102252, at *13 (N.D. Cal. July 22, 2013)

18   (finding that because restitution "also made from [a prisoner's] trust account is not relevant to the

19   computation of the filing fee payment," a deduction of $20.00 from a credit of $100.00 was

20   appropriate, despite any separate restitution amount deducted from the same credit); cf. Bruce v.

21   Samuels, 577 U.S. 82, 87 (2016) (holding that § 1915(b)(2) requires prisoner with multiple civil

22   rights lawsuits in which in forma pauperis status is granted to make *simultaneous* payments of

23   twenty percent of the prisoner's monthly income for *each* case he has filed, even if the account

24   might be reduced to *zero* upon all deductions).  Accordingly, to the extent the prison is deducting

25   twenty percent (20%) from plaintiff's preceding month's income credited to the prisoner's

26   account, simultaneous to a restitution amount, there is no violation under 28 U.S.C. § 1915(b)(2).

27       Plaintiff is further informed that to the extent his notices can also be construed to assert

28   that more than 20 percent (20%) of the preceding months income credit is being withdrawn, he

has failed to provide evidence to support this assertion.  The Inmate Receipt he attaches to his notices merely show he was credited an amount of $250.00 in July 2024, and not what amount was deducted and for what purposes.  If he believes more than 20 percent of his preceding month's credit is being withdrawn, in violation of 28 U.S.C. § 1915(b)(2), he must support his claims with a detailed trust account statement showing all monthly credits and withdrawals, including what each withdrawal was made for.

III.  Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your allegations state an Eighth Amendment medical deliberate indifference claim against Dr. Young.  However, they do not state any claims against defendants Allison, Covello, or County of Ione, or any Eighth Amendment deliberate indifference claim based on your pain medication or conditions of confinement, any Fourteenth Amendment claim based on your lost or stolen property, HIPAA claim, or violation under California Government Code.

You have a choice to make.  You may either (1) proceed immediately on your Eighth Amendment deliberate indifference claim against defendant Dr. Young and voluntarily dismiss the other claims; or, (2) try to amend the complaint.  **To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief.  See Attachment A.  If you choose to file an amended complaint, pay particular attention to these standards, limit your amended complaint to twenty-five (25) pages, and refrain from including attached exhibits.  Instead, plainly state the factual allegations of what each defendant did or did not do that you believe violated your federal rights.  If you do not know their names, for now, you can refer to them as Doe #1, Doe #2, Doe #3, etc. Any claims and information not in the amended complaint, even if in the original complaint, will not be considered.**

This screening order serves as a response to your requests for status.  Your request to have the court investigate the conditions of your cell is being denied because the court does not have authority to do an investigation on your behalf.  Your requests for a complete copy of your medical file is also being denied at this time.  If your complaint is served, the court will issue a

////

11

1  discovery scheduling order.  Once discovery has commenced, you will be allowed to investigate
2  and seek documents.

3       Your request for appointment of a lawyer is also being denied because your case is not
4  more complex than most prisoner cases and you have not shown there is any other reason that
5  does not apply to most prisoners for which appointment is necessary.  With respect to your
6  concerns regarding the monthly amount withdrawn from your trust account, the court clarifies
7  that CDCR can withdraw twenty percent (20%) of your prior months trust account deposits
8  before and without consideration of withdrawals based on other obligations.  Lastly, to the extent
9  you filed the notice of writ for sentence modification to request that this court modify your
10  sentence, your request is denied because the court does not have authority to grant your request in
11  this case.

12  <u>CONCLUSION</u>

13       In accordance with the above, IT IS HEREBY ORDERED that:

14       1.  Plaintiff's claims against defendants Allison, Covello, and County of Ione do not state
15  claims for which relief can be granted.  Plaintiff also fails to state any § 1983 claims based on
16  deliberate indifference regarding his pain medication or conditions of confinement, lost or stolen
17  property, HIPAA violation, or violation of California Government Code § 845.6.

18       2.  Plaintiff has the option to proceed immediately on his medical deliberate indifference
19  claim against defendant Dr. Young as set forth in Section I.C. above, or to file a second amended
20  complaint.

21       3.  Within 21 days from the date of this order, plaintiff shall complete and return the
22  attached Notice of Election form notifying the court whether he wants to proceed on the screened
23  complaint or whether he wants to file a second amended complaint.  If you elect to file a second
24  amended complaint, it should not exceed twenty-five (25) pages and plaintiff should refrain from
25  attaching exhibits.

26       4.  If plaintiff does not return the form, the court will assume that he is choosing to
27  proceed on the complaint as screened and will recommend dismissal without prejudice of his
28  claims against defendants Allison, Covello, and County of Ione, and § 1983 claims based on

1   alleged deliberate indifference regarding his pain medication and conditions of confinement, lost

2   or stolen property, HIPAA violation, or violation of California Government Code § 845.6.

3          5.   Plaintiff's requests for the court to investigate the conditions of his cell and for a

4   lawyer, as stated in the FAC (ECF No. 14), are denied.

5          6.   Plaintiff's requests for status (ECF Nos. 15, 20) are granted.  This order serves as a

6   response.

7          7.   Plaintiff's notice re writ for sentence modification (ECF No. 16) is construed as a

8   request for a sentence modification and is denied.

9          8.   Plaintiff's notices regarding his trust account withdrawals (ECF Nos. 17, 18) are

10  construed as request for clarification regarding the court's order directing monthly payments and

11  are granted.

12         9.   Plaintiff's requests for copy of his medical file, as stated in the FAC and his notice

13  regarding computer access (ECF No. 19), are construed as a request for discovery and are denied

14  as premature.

15  DATED: May 29, 2025

16                                        ALLISON CLAIRE
17                                        UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDWARD DON BROWN,                          No.  2:22-cv-01571 DAD AC P

12                  Plaintiff,

13          v.                                  NOTICE OF ELECTION

14   ALLISON, et al.,

15                  Defendants.

16

17          Check one:

18   _____   Plaintiff wants to proceed immediately on his Eighth Amendment medical deliberate

19          indifference claim against defendant Dr. Young.  Plaintiff understands that by choosing

20          this option, his Eighth Amendment deliberate indifference claims based on his pain

21          medication and conditions of confinement, HIPAA claim, and state law claim, as well as

22          defendants Allison, Covello, and County of Ione will be voluntarily dismissed without

23          prejudice pursuant to Federal Rule of Civil Procedure 41(a).

24   _____   Plaintiff wants time to file an amended complaint.

25

26   DATED:_____

27                                              _____
                                                Edward Don Brown
28                                              Plaintiff pro se

                                                1

<u>Attachment A</u>

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

I.    <u>Legal Standards Governing Amended Complaints</u>

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Id.</u>; <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  <u>See</u> Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

II.    <u>Legal Standards Governing Substantive Claims for Relief</u>

A.  <u>Section 1983 Claim</u>

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Accordingly, "the requirements for relief under [§] 1983 have been articulated as: (1) *a violation of rights protected by the Constitution or created by federal statute,* (2)

1

1    proximately caused (3) by conduct of a 'person' (4) acting under color of state law." <u>Crumpton v.</u>
2    <u>Gates</u>, 947 F.2d 1418, 1420 (9th Cir. 1991) (emphasis added).

3         An officer's violation of state laws and/or regulations is not grounds for a § 1983 claim.
4    <u>See Case v. Kitsap County Sheriff's Dept.</u>, 249 F.3d 921, 930 (9th Cir. 2001) (quoting <u>Gardner v.</u>
5    <u>Howard</u>, 109 F.3d 427, 430 (8th Cir 1997) ("[T]here is no § 1983 liability for violating prison
6    policy. [Plaintiff] must prove that [the official] violated his constitutional right . . .")).  Violations
7    of state law and regulations cannot be remedied under § 1983 unless they also violate a federal
8    constitutional or statutory right.  <u>See</u> <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir. 2009)
9    (section 1983 claims must be premised on violation of federal constitutional right); <u>Sweaney v.</u>
10   <u>Ada Cty., Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (section 1983 creates cause of action for
11   violation of federal law); <u>Lovell v. Poway Unified Sch. Dist.</u>, 90 F.3d 367, 370 (9th Cir. 1996)
12   (federal and state law claims should not be conflated; "[t]o the extent that the violation of a state
13   law amounts the deprivation of a state-created interest that reaches beyond that guaranteed by the
14   federal Constitution, Section 1983 offers no redress").

15                    B.  <u>Joinder of Claims and Parties</u>

16        A plaintiff may properly assert multiple claims against a single defendant in a civil action.
17   Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where
18   "any right to relief is asserted against them jointly, severally, or in the alternative with respect to
19   or arising out of the same transaction, occurrence, or series of transactions and occurrences" and
20   "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P.
21   20(a)(2).  However, unrelated claims against different defendants must be pursued in separate
22   lawsuits.  <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only
23   to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to
24   ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3
25   the number of frivolous suits or appeals that any prisoner may file without prepayment of the
26   required fees.  28 U.S.C. § 1915(g)."  <u>Id.</u>

27                    C.  <u>Doe Defendants</u>
28        Although the use of Doe defendants (unknown defendants) is acceptable to withstand

                                        2

1  dismissal at the initial screening stage, service of process for these defendants will not be ordered

2  until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2)

3  filed a motion to amend the complaint to substitute their real names.  See Mosier v. Cal. Dep't of

4  Corr. & Rehab., No. 1:11-cv-1034 MJS PC, 2012 WL 2577524, at *3, 2012 U.S. LEXIS 92286,

5  at *8 (E.D. Cal. July 3, 2012), Robinett v. Corr. Training Facility, No. C 09-3845 SI (PR), 2010

6  WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at *12-13 (N.D. Cal. July 20, 2010).

7  Additionally, to state a claim against Doe defendants, plaintiff must allege conduct by each

8  specific Doe defendant to establish liability under 42 U.S.C. § 1983.  This means that plaintiff

9  should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each

10  individual did to violate his rights.

11                    D.  Personal Involvement and Supervisory Liability

12         The civil rights statute requires that there be an actual connection or link between the

13  actions of the defendants and the deprivation alleged to have been suffered by

14  plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode,

15  423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the

16  deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative

17  act, participates in another's affirmative acts, or omits to perform an act which he is legally

18  required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588

19  F.2d 740, 743 (9th Cir. 1978) (citation omitted).  To state a claim for relief under section 1983,

20  plaintiff must link each named defendant with some affirmative act or omission that demonstrates

21  a violation of plaintiff's federal rights.

22         Government officials may not be held liable for the unconstitutional conduct of their

23  subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677

24  (2009) ("In a § 1983 suit . . . the term 'supervisory liability' is a misnomer.  Absent vicarious

25  liability, each Government official, his or her title notwithstanding is only liable for his or her

26  own misconduct.").  When the named defendant holds a supervisory position, the causal link

27  between the defendant and the claimed constitutional violation must be specifically alleged; that

28  is, a plaintiff must allege some facts indicating that the defendant either personally participated in

1  or directed the alleged deprivation of constitutional rights or knew of the violations and failed to

2  act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880

3  F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

4      Supervisory liability exists even without overt personal participation in the offensive act if

5  supervisory officials implement a policy so deficient that the policy "itself is a repudiation of

6  constitutional rights" and is "the moving force of a constitutional violation."  Crowley v.

7  Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir.

8  1989)).]

9          E.  Monell Liability

10      Municipalities cannot be held vicariously liable under § 1983 for the actions of their

11  employees.  Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978).  "Instead, it is

12  when execution of a government's policy or custom, whether made by its lawmakers or by those

13  whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the

14  government as an entity is responsible under § 1983."  Id. at 694.  Municipalities are considered

15  "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional

16  deprivation.  Monell, 436 U.S. 658, 690 (1978); Long v. County of Los Angeles, 442 F.3d 1178,

17  1185 (9th Cir. 2006).  To properly plead a Monell claim based on an unconstitutional custom,

18  practice, or policy, plaintiff must demonstrate that (1) he possessed a constitutional right of which

19  he was deprived; (2) the municipality had a policy; (3) such policy amounts to deliberate

20  indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the

21  constitutional violation.  See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438

22  (9th Cir. 1997).  The municipal policy at issue must be the result of a "'longstanding practice or

23  custom which constitutes the standard operating procedure of the local government entity.' "

24  Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco,

25  308 F.3d 968, 984-85 (9th Cir. 2002)).

26          F.  Eighth Amendment - Deliberate Indifference to Medical Needs

27      Denial or delay of medical care for a prisoner's serious medical needs may constitute a

28  violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S.

4

1    97, 104-05 (1976).  An individual is liable for such a violation only when the individual is

2    deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d

3    1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.

4    Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

5         In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439

6    F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

7    grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

8    plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

9    condition could result in further significant injury or the 'unnecessary and wanton infliction of

10   pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he

11   existence of an injury that a reasonable doctor or patient would find important and worthy of

12   comment or treatment; the presence of a medical condition that significantly affects an

13   individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d

14   at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.  "A heightened suicide risk or an attempted

15   suicide is a serious medical need."  See Conn. v. City of Reno, 591 F.3d 1081, 1095 (9th Cir.

16   2010), vacated by City of Reno, Nev. v. Conn, 563 U.S. 915 (2011), reinstated in relevant part by

17   Conn v. City of Reno, 658 F.3d 897 (9th Cir. 2011).

18        Second, the plaintiff must show the defendant's response to the need was deliberately

19   indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

20   or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

21   indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

22   which the inference could be drawn that a substantial risk of serious harm exists," but that person

23   "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

24   approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A

25   showing of merely negligent medical care is not enough to establish a constitutional violation.

26   Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

27        A difference of opinion about the proper course of treatment is not deliberate indifference,

28   nor does a dispute between a prisoner and prison officials over the necessity for or extent of

5

1   medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d

2   1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  To establish that

3   a difference of opinion rises to the level of deliberate indifference, plaintiff "must show that the

4   chosen course of treatment 'was medically unacceptable under the circumstances,' and was

5   chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'"  Toguchi, 391 F.3d

6   at 1058 (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).

7                   G.  Eighth Amendment – Conditions of Confinement

8           In order for a prison official to be held liable for alleged unconstitutional conditions of

9   confinement, the prisoner must allege facts that satisfy a two-prong test.  Peralta v. Dillard, 744

10  F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  The first

11  prong is an objective prong, which requires that the deprivation be "sufficiently serious."  Lemire

12  v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at

13  834).  In order to be sufficiently serious, the prison official's "act or omission must result in the

14  denial of the 'minimal civilized measure of life's necessities."  Lemire, 726 F.3d at 1074.  The

15  objective prong is not satisfied in cases where prison officials provide prisoners with "adequate

16  shelter, food, clothing, sanitation, medical care, and personal safety."  Johnson v. Lewis, 217 F.3d

17  726, 731 (9th Cir. 2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)).

18  "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional

19  violation.  Johnson, 217 F.3d at 732 ("[m]ore modest deprivations can also form the objective

20  basis of a violation, but only if such deprivations are lengthy or ongoing").  Rather, extreme

21  deprivations are required to make out a conditions of confinement claim, and only those

22  deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to

23  form the basis of an Eighth Amendment violation.  Farmer, 511 U.S. at 834; Hudson v.

24  McMillian, 503 U.S. 1, 9 (1992).  The circumstances, nature, and duration of the deprivations are

25  critical in determining whether the conditions complained of are grave enough to form the basis

26  of a viable Eighth Amendment claim.  Johnson, 217 F.3d at 731.

27          The second prong focuses on the subjective intent of the prison official.  Peralta, 744 F.3d

28  at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837).  The deliberate indifference standard

1    requires a showing that the prison official acted or failed to act despite the prison official's

2    knowledge of a substantial risk of serious harm to the prisoner.  Id. (citing Farmer, 511 U.S. at

3    842); see also Redman v. County. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991).  Mere

4    negligence on the part of the prison official is not sufficient to establish liability.  Farmer, 511

5    U.S. at 835.

6                        H.  Eighth Amendment – False Disciplinaries

7            The issuance of Rules Violation Reports, even if false, does not rise to the level of cruel

8    and unusual punishment."  Cauthen v. Rivera, No. 1:12-cv-1747 LJO DLB, 2013 WL 1820260, at

9    *10, 2013 U.S. Dist. LEXIS 62472, at *24 (E.D. Cal. April 30, 2013) (citations omitted), adopted

10   by 2013 WL 3744408, 2013 U.S. Dist. LEXIS 98595; Jones v. Prater, No. 2:10-cv-01381 JAM

11   KJN, 2012 WL 1979225, at *2, 2012 U.S. Dist. LEXIS 76486, at *5-6 (E.D. Cal. June 1, 2012)

12   ("[P]laintiff cannot state a cognizable Eighth Amendment violation based on an allegation that

13   defendants issued a false rules violation against plaintiff." (citation omitted))

14                       I.  Fourteenth Amendment - Loss of Property

15           The "unauthorized and random" deprivation of property by a prison official, whether

16   intentional or negligent, does not state a claim under § 1983 if the state provides an adequate

17   post-deprivation remedy.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  "California Law

18   provides an adequate post-deprivation remedy for any property deprivations."  Barnett, 31 F.3d at

19   816-17 (citing Cal. Gov't Code §§ 810-895).  However, an authorized deprivation of property,

20   which is carried out pursuant to established state procedures, regulations, or statutes, is not

21   foreclosed by the existence of post-deprivation remedies.  See Piatt v. MacDougall, 773 F.2d

22   1032, 1036 (9th Cir. 1985).

23                       J.  Health Insurance Portability and Accountability Act ("HIPAA")

24           The Ninth Circuit has definitively declared "HIPAA itself provides no private right of

25   action."  Garmon v. County of Los Angeles, 828 F.3d 837, 847 (9th Cir. 2016) (quoting Webb v.

26   Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007)).  Other circuits have

27   explicitly found that HIPAA cannot be enforced through Section 1983.  Adams v. Eureka Fire

28   Prot. Dist., 352 Fed. Appx. 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private

right, it cannot be privately enforced either via § 1983 or through an implied right of action");

Sneed v. Pan Am Hosp., 370 Fed. Appx. 47, 50 (11th Cir. 2010) ("We decline to hold that

HIPAA creates a private cause of action or rights that are enforceable through § 1983").