UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DON BROWN,<br><br>Plaintiff,<br><br>v.<br><br>ALLISON, et al.,<br><br>Defendants. | No. 2:22-cv-1571 DAD AC P<br><br><br><br>ORDER |

Plaintiff has filed a second motion for extension of time. ECF No. 29. As with his first such motion, plaintiff does not specify which deadline(s) he seeks to extend. See ECF Nos. 26, 29. Instead, he merely states he needs a four-month extension of time because, as of five days prior to his motion, his unit was placed on full lockdown and he has had difficulty obtaining his medical records. ECF No. 29.

Plaintiff, however, does not explain how long his unit will be on full lockdown, why he needs the medical records, and how either circumstance impacts his ability to meet the only currently operative deadline in this case: the deadline of September 26, 2025 to file objections to the July 29, 2025, findings and recommendations. To the extent plaintiff believes he needs the medical records to argue in favor of an opportunity to amend the complaint, the court has already explained that he does not evidence to support a complaint. ECF No. 21 at 7-8 11. In screening the complaint and ruling on several miscellaneous requests and motions, the court has explained

1

1 that at this early stage in the litigation, plaintiff needs only to *state* his factual allegations
2 regarding what each defendant did or did not do that violated his federal rights.  Id.  To the extent
3 he does not know the names of each defendant, plaintiff may refer to them for now as Doe #1,
4 Doe #2, Doe #3, etc.  Id. at 11.  The same is true for objections to the magistrate judge's findings
5 and recommendations—plaintiff does not need to attach medical records and/or any other
6 exhibits.  He simply needs to identify the findings and recommendations to which he objects.  He
7 may also state in simple terms, without need for citation to authority or to evidence, *why* he
8 believes the undersigned was wrong in concluding that the complaint fails to state claims against
9 defendants Allison, Covello, and County of Ione, and fails to state any § 1983 claims based on
10 deliberate indifference regarding his pain medication or conditions of confinement, lost or stolen
11 property, HIPAA violation, or violation of California Government Code § 845.6

12     In sum, plaintiff has not established good cause for an extension of time.  However, due to
13 the court's delay in ruling on the request, plaintiff will be granted one additional week to reply to
14 the findings and recommendations.  Plaintiff is reminded that he may obtain the district judge's
15 de novo review merely by identifying the portions of the findings and recommendations to which
16 he objects.

17     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an extension of time
18 (ECF No. 29) is granted in part to the extent that the deadline to file objections to the pending
19 Findings and Recommendations (ECF No. 23) is extended to October 3, 2025.

20 DATED: September 22, 2025

21
22 ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE