1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    EDWARD DON BROWN,                      No. 2:22-cv-1571 DAD AC P

12                   Plaintiff,

13          v.                               ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14    ALLISON, et al.,

15                   Defendants.

16    _____

17          Plaintiff is proceeding without counsel in this civil rights action. Pending before the court

18    are plaintiff's motion to amend the complaint and defendant Young's motion to opt out of post-

19    screening Alternative Dispute Resolution ("ADR"). ECF Nos. 35, 36.

20    I.    Background

21          On May 30, 2025, the court screened the first amended complaint ("FAC") and found that

22    plaintiff had stated some cognizable claims. ECF No. 21 at 4-7. Plaintiff was given the option to

23    proceed immediately on his medical deliberate indifference claim against defendant Young as set

24    forth in Section I.C. of the order, or to file a second amended complaint ("SAC"). Id. at 7, 11.

25    Plaintiff was given twenty-one days to inform the court of his election and warned that if he failed

26    to inform the court of his election, the court would assume he was choosing to proceed on the

27    complaint as screened and would recommend dismissal without prejudice of his Eighth

28    Amendment deliberate indifference claims based on his pain medication and conditions of

                                              1

1  confinement, HIPAA claim, and state law claim, as well as defendants Allison, Covello, and

2  County of Ione.  Id. at 12-13.

3         On July 29, 2025, after the deadline to file a notice of election had long passed, the

4  undersigned found the service of the FAC appropriate and directed service on defendant Young,

5  and concurrently issued findings and recommendations recommending that for the reasons set

6  forth in the court's screening order plaintiff's Eighth Amendment deliberate indifference claims

7  based on his pain medication and conditions of confinement, HIPAA claim, and state law claim,

8  and defendants Allison, Covello, and County of Ione be dismissed without prejudice.  ECF No.

9  23.  Plaintiff was given twenty-one days to file objections.  Id. at 2.

10         In August and September, plaintiff filed motions for an extension of time.  ECF Nos. 26,

11  29.  Neither motion specified what deadline plaintiff sought to extend, so the court construed

12  them as motions for extensions of time to file objections to the undersigned's findings and

13  recommendations and granted them.  ECF No. 27, 30.  The deadline to file objections was

14  October 3, 2025.  ECF No. 30 at 2.

15         On October 6, 2025, after defendant Young had waived service, the court referred this

16  case to post-screening ADR project and stayed the case for 120 days.  ECF No. 33.

17  II.     Motion to Amend the Complaint

18         On October 2, 2025, plaintiff signed and mailed an amended complaint to the United

19  States District Court for the Eastern District.  ECF No. 35.  Because it was received at the Fresno

20  Division, a new case was opened.  See Brown v. Young, No. 1:25-cv-1306 SAB (PC).   The case

21  was then transferred to the Sacramento Division.  See Brown v. Young, No. 2:25-cv-2864 SCR.[1]

22  Realizing the error, on November 10, 2025, the new case was closed, the amended complaint was

23  filed as a motion to amend in the present case, and backdated on the docket to October 3, 2025,

24  the date the court received the amended complaint.  Id., ECF No. 7.

25  _____

26  [1]  The court takes judicial notice of Brown v. Young, No. 1:25-cv-1306 SAB (PC) and Brown v.
    Young, No. 2:25-cv-2864 SCR.  Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact
    that is not subject to reasonable disputed because it . . . can be accurately and readily determined
27  from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631
    F.2d 118, 119 (9th Cir. 1980) (citations omitted) ("[A] court may take judicial notice of its own
28  records in other cases, as well as the records of an inferior court in other cases.").

1    Because plaintiff is pro se and it appears plaintiff's prior motions for extensions of time

2    were motions for extensions of time to file an amended complaint and not to file objections to the

3    court's findings and recommendations, the court will vacate the findings and recommendations

4    (ECF No. 23), construe the motion to amend the complaint (ECF No. 35) as a timely SAC, and

5    screen the SAC.[2]

6    III.    Statutory Screening of Prisoner Complaints

7        A.    Legal Standards

8    As the court previously informed plaintiff, the court is required to screen complaints

9    brought by prisoners seeking relief against "a governmental entity or officer or employee of a

10   governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion

11   thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim

12   upon which relief may be granted," or that "seek[] monetary relief from a defendant who is

13   immune from such relief." 28 U.S.C. § 1915A(b).

14   A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

15   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

16   Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

17   theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,

18   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

19   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a

20   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

21   Franklin, 745 F.2d at 1227-28 (citations omitted).

22   "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

23   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

24   what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550

25   ─────────────────

26   [2]  Under the mailbox rule, the SAC was filed prior to the ADR order and is therefore not barred
by the ADR order. See ECF Nos. 33, 35; Houston v. Lack, 487 U.S. 266, 276 (1988)
(establishing rule that a prisoner's court document is deemed filed on the date the prisoner
27   delivered the document to prison officials for mailing); Jenkins v. Johnson, 330 F.3d 1146, 1149
n. 2 (9th Cir. 2003) (date petition is signed may be considered earliest possible date an inmate
28   could submit his petition to prison authorities for filing under the mailbox rule).

1    U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

2    "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

3    of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

4    680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

5    to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

6    cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

7    speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

8    something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

9    cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

10   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

11        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

12   relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

13   Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

14   content that allows the court to draw the reasonable inference that the defendant is liable for the

15   misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

16   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

17   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

18   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

19   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

20        B.  Allegations in the Second Amended Complaint

21        The SAC alleges that while plaintiff was housed at Mule Creek State Prison ("MCSP")

22   four defendants—Dr. Young (psychiatrist), John Doe #1 (correctional officer), Jane Doe #1

23   (clinician psych tech), and Jane Doe #2 (nurse)—violated his Eighth Amendment rights and

24   rights under the Health Insurance Portability and Accountability Act ("HIPAA").  ECF No. 35.

25   The SAC puts forth four separate claims.

26        In Claim One, plaintiff alleges that he suffers from chronic pain issues that resulted after

27   he was shot multiple times in his hand and wrist, and underwent surgery, which left him with

28   metal bars and screws in his wrist.  Id. at 3.  He also suffers from chronic pain due to back

4

1    injuries, nerve damage, and other medical issues.  Id. at 3-4.  Due to his chronic pain, while at

2    MCSP, Dr. John Doe #1, prescribed plaintiff Lyrica, "a diabetic pain medication," and ordered

3    that it be administered crushed and floated.  Id. at 4.

4         At the time, plaintiff was also receiving a mental health medication, Seroquel, crushed and

5    floated based on a 2014 or 2015 order from the chief medical doctor that Seroquel be crushed and

6    floated for all inmates in the California Department of Corrections and Rehabilitation ("CDCR").

7    Id.  According to plaintiff, it is a well-known fact that the administration of Seroquel in a crushed

8    and floated manner can cause serious side effects.  Id.

9         Plaintiff alleges that taking Seroquel and Lyrica crushed and floated gave him serious side

10   effects, such as "chest pain" and "trouble breathing."  Id. at 4.  Although defendant Dr. Young

11   was aware of plaintiff's serious side effects, he continued to prescribe these medications crushed

12   and floated.  Id.  Defendant Dr. Young only removed plaintiff from these medications after a false

13   disciplinary and did so without prescribing alternative "proper and effective pain and

14   psychological medications."  Id. 4-5.  As a result, plaintiff suffered a mental health crisis and

15   suicidal ideation and began self-harming.  Id. at 6.

16        In Claim Two, plaintiff alleges he told defendant Jane Doe #1, his clinician, that he was

17   suicidal.  Id.  As a result, he was placed in administrative segregation instead of being placed on

18   suicide watch.  Id.  In administrative segregation, plaintiff was placed in a cell covered in rust,

19   loose paint chips, trash, urine, feces, and a non-working toilet.  Id.  Plaintiff pointed out the

20   unsanitary conditions of his confinement to defendant Jane Doe #2.  Id.  Despite Jane Doe #2

21   witnessing the unsanitary conditions and acknowledging them, she did nothing to help change

22   these conditions.  Id.

23        In Claim Three, plaintiff alleges that sometime in 2021, before Claim Two occurred, he

24   reported he was suicidal and was transferred from MCSP to CTC for suicide watch.  Id. at 7.

25   When he was transferred, his property was not properly collected and inventoried.  Id.  As a

26   result, a majority of his personal property was lost or stolen.  Id.

27        In Claim Four, plaintiff alleges that at MCSP his HIPAA privacy rights were violated

28   when staff broke into his medical file.  Id. at 8.  He alleges there is a class action lawsuit

1  settlement with a cash pay out for the data breach and that he timely filed a grievance based on

2  the data breach but has been notified by the settlement people that his grievance was untimely.

3  Id. at 8.

4      By way of relief, plaintiff seeks monetary compensation, a prescription for medical

5  marijuana, a regimen for physical therapy, and renewal of his DME for a back brace.  Id. at 9.

6          C.  Claims for Which a Response Will be Required

7      After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that,

8  construing Claim One and Two in the SAC liberally, plaintiff has adequately stated cognizable

9  Eighth Amendment claims against defendants Dr. Young, Jane Doe #1, and Jane Doe #2.

10     Plaintiff has sufficiently alleged that defendant Dr. Young was deliberately indifferent to

11 plaintiff's health and safety when he (1) continued to prescribe plaintiff's Lyrica and Seroquel be

12 administered in a crushed and floated manner, despite it being well-known that Seroquel can

13 cause severe side effects when administered crushed, and despite plaintiff's complaints of severe

14 side effects like chest pain and trouble breathing; and (2) discontinued these prescriptions for

15 non-treatment purposes, without providing alternative pain and mental health medication,

16 subjecting plaintiff to great pain and a deterioration in his mental health.  Plaintiff has also

17 sufficiently alleged that defendant Jane Doe #1 was deliberately indifferent to his health and

18 safety when he told her he was suicidal, and she put him in administrative segregation instead of

19 placing him on suicide watch.  Additionally, plaintiff has sufficiently alleged that defendant Jane

20 Doe #2 was deliberately indifferent to his health and safety when she observed the unsanitary

21 conditions in which he was housed in administrative segregation and did nothing about it.

22     Although the use of Doe defendants (unknown defendants) is acceptable to withstand

23 dismissal at the initial screening stage, service of process for these defendants will not be ordered

24 until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2)

25 filed a motion to amend the complaint to substitute their real names.  See Mosier v. Cal. Dep't of

26 Corr. & Rehab., No. 1:11-cv-1034 MJS PC, 2012 WL 2577524, at *3, 2012 U.S. LEXIS 92286,

27 at *8 (E.D. Cal. July 3, 2012), Robinett v. Corr. Training Facility, No. C 09-3845 SI (PR), 2010

28 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at *12-13 (N.D. Cal. July 20, 2010).

1        D.  <u>Failure to State A Claim</u>

2        The SAC fails to state an Eighth Amendment deliberate indifference claim against

3  defendant Dr. John Doe #1 or any other claims for relief under Claims Three and Four.

4                  i.  <u>Claim One - John Doe #1</u>

5        In the Ninth Circuit, the test for deliberate indifference consists of two parts.  <u>Jett v.

6  Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing <u>McGuckin v. Smith</u>, 974 F.2d 1050 (9th Cir.

7  1991)), overruled on other grounds by <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997)

8  (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure

9  to treat a prisoner's condition could result in further significant injury or the 'unnecessary and

10  wanton infliction of pain.'" <u>Id.</u> (citing Estelle, 429 U.S. at 104).  Second, the plaintiff must show

11  the defendant's response to the need was deliberately indifferent.  <u>Jett</u>, 439 F.3d at 1096.

12        The second prong is satisfied by showing (a) a purposeful act or failure to respond to a

13  prisoner's pain or possible medical need and (b) harm caused by the indifference.  <u>Id.</u>  Under this

14  standard, the prison official must not only "be aware of facts from which the inference could be

15  drawn that a substantial risk of serious harm exists," but that person "must also draw the

16  inference."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  This "subjective approach" focuses

17  only "on what a defendant's mental attitude actually was."  <u>Id.</u> at 839.  A showing of merely

18  negligent medical care is not enough to establish a constitutional violation.  <u>Frost v. Agnos</u>, 152

19  F.3d 1124, 1130 (9th Cir. 1998) (citing Estelle, 429 U.S. at 105-106).

20        Here, the SAC fails to state a deliberate indifference claim against defendant Dr. John Doe

21  #1 because it does not allege that Dr. John Doe #1 knew prescribing Lyrica crushed and floated

22  would cause plaintiff chest pain and/or trouble breathing and ignored the risk.  Nor does the SAC

23  allege that Dr. John Doe #1 knew plaintiff was on Seroquel and that prescribing Lyrica crushed

24  and floated while plaintiff was also taking Seroquel crushed and floated presented a serious risk

25  to plaintiff's health.  To the extent the SAC is attempting to allege defendant John Doe #1 was

26  deliberately indifferent to plaintiff's chronic pain when he prescribed Lyrica crushed and floated,

27  it fails to do so because the SAC does not allege that Lyrica crushed and floated was ineffective

28  in treating plaintiff's pain and that defendant John Doe #1 knew it was ineffective and

1 nonetheless prescribed it.

2                ii.  Claim Three - Deprivation of Property

3       The SAC fails to state a § 1983 claim based on the alleged deprivation of property for

4 three reasons.  First, Claim Three does not allege *who* lost or stole plaintiff's property.  Johnson v.

5 Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (to state a claim for relief under section 1983, plaintiff

6 must link each individual defendant with some affirmative act or omission that shows a violation

7 of plaintiff's federal rights).  Second, even if Claim Three identified a proper defendant, as the

8 court previously explained, there is no § 1983 claim based on the unauthorized and random

9 deprivation of property by prison officials, whether intentional or negligent, because California

10 law provides an adequate post-deprivation remedy.  See ECF No. 21 at 6; Hudson v. Palmer, 468

11 U.S. 517, 533 (1984) (intentional or negligent deprivations of property by a prison official that

12 are unauthorized do not state a claim under § 1983 if the state provides an adequate post-

13 deprivation remedy.); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing

14 Cal. Gov't Code §§ 810-895) (the Ninth Circuit has ruled that "California Law provides an

15 adequate post-deprivation remedy for any property deprivations.").  Third, Claim Three is

16 improperly joined in this action because the alleged deprivation of property does not relate to the

17 deprivation of adequate pain and mental health medication and/or the unlawful conditions of his

18 confinement, as stated in Claims One and Two.  See George v. Smith, 507 F.3d 605, 607 (7th Cir.

19 2007) (unrelated claims against different defendants must be pursued in separate lawsuits).

20               iii.  Claim Four – Medical Privacy

21       The SAC fails to state a medical privacy claim for multiple reasons.  First, the SAC does

22 not allege *who* violated plaintiff's medical privacy rights.  Second, even if Claim Four had

23 identified a proper defendant, there is no private right of action to enforce HIPAA or seek relief

24 for HIPAA violations.  Garmon v. County of Los Angeles, 828 F.3d 837, 847 (9th Cir. 2016)

25 (quoting Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007))

26 ("HIPAA itself provides no private right of action."); Adams v. Eureka Fire Prot. Dist., 352 Fed.

27 Appx. 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be

28 privately enforced either via § 1983 or through an implied right of action"); Sneed v. Pan Am

1  Hosp., 370 Fed. Appx. 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA creates a private

2  cause of action or rights that are enforceable through § 1983").  Third, to the extent the SAC is

3  attempting to assert a medical privacy violation under the constitution, or based on a class action

4  settlement in a different suit he cannot do so in this case because such claim is not properly joined

5  with Claims One and Two.  Also, with respect to the latter, to the extent he is contesting

6  eligibility to benefits under the settlement, as explained below, it appears he must bring that claim

7  in the class action litigation.

8          From what the court can discern, it appears plaintiff is referring to the settlement in

9  Thomas, et al., v. California Department of Corrections and Rehabilitation, Case No. 34-2022-

10  00328693 (California State Superior Court, County of Sacramento) ("Thomas v. CDCR").[3]

11  Plaintiff is informed that to the extent this is the case he is referring to, he must bring his claim

12  contesting his eligibility to the benefits under the settlement in that case, because in approving the

13  final settlement agreement and entering judgment the court retained jurisdiction over settlement

14  eligibility disputes.  See Thomas v. CDCR (July 23, 2025 Order and Judgment) ("the Court shall

15  retain jurisdiction to construe, interpret, implement and enforce the Agreement and this Judgment,

16  to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise

17  and adjudicate any dispute arising from or in connection with the distribution of settlement

18  benefits.").

19          E.  No Leave to Amend

20          Leave to amend should be granted if it appears possible that the defects in the complaint

21  could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31

22  (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint

23  cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United

24  States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

25          The undersigned finds, as set forth above, that portions of the complaint fail to state a

26  claim upon which relief may be granted.  Plaintiff has already been given two opportunities to

27

28  [3]  The court takes judicial notice of this case pursuant to Federal Rule 201(b).

1    amend the complaint and advised what kind of information he needed to provide and the types of

2    claims that could properly be joined in one action.  However, the allegations of the SAC do not

3    overcome the defects identified in the FAC with respect to plaintiff's property and medical

4    privacy claims (Claims Three and Four in the SAC).  Moreover, as noted above, Claims Three

5    and Four are improperly joined with Claims One and Two.  Given these defects, it does not

6    appear that further amendment would result in further cognizable claims in this action.

7    Accordingly, the undersigned recommends dismissal of the non-cognizable claims without further

8    leave to amend.

9         IV.    Defendant Young's Motion to Opt Out of Post-Screening ADR

10         Defendant Young has filed a motion to opt out of post-screening ADR, indicating that

11    after defense counsel spoke with plaintiff and reviewed and evaluated the records and conferred

12    with her supervising attorney, they have determined that early ADR would not be productive at

13    this time.  ECF No. 36.  In light of the motion and supporting documents, and because defendant

14    Young remains the only named defendant in this case, even after screening the SAC, the court

15    will grant defendant Young's motion.  **The ADR stay will be lifted and defendant Young will**

16    **be required to file a response to the SAC within twenty-one days for the date of this order.**

17         V.    Plain Language Summary of this Order for Pro Se Litigant

18         Your recent amended complaint is being construed as a timely SAC, and has been

19    screened.  Some of the allegations in the SAC state claims against the defendants and some do

20    not.  Specifically, for screening purposes, Claims One and Two in the SAC sufficiently state

21    Eighth Amendment claims against defendants Dr. Young, Jane Doe #1 and Jane Doe #2 for

22    deliberate indifference to your health and safety.  Claim One, however, does not sufficiently state

23    a claim against defendant John Doe #1 and Claims Three and Four do not state claims that you

24    can pursue in this court and/or this case.

25         Because you have already been given two opportunities to amend your complaint and it

26    does not appear that any further amendments could lead to additional claims that can be pursued

27    in this action, the undersigned is recommending that you not be given leave to amend and that

28    your case proceed only on the claims identified above in Section III.C.  If you disagree with this

10

1  recommendation, you may file objections.  The district judge will consider timely objections in

2  determining how this case should proceed.

3        Lastly, because defendant Young does not believe early settlement discussions would be

4  worthwhile at this time, the court is going to lift the stay in this case and order defendant Young

5  to file a response to the SAC.[4]

6   VI.    Conclusion

7        Accordingly, **IT IS HEREBY ORDERED** that:

8        1.  The July 29, 2025, findings and recommendations (ECF No. 23) are VACATED.

9        2.  The motion to amend (ECF No. 35) is construed as a timely second amended

10           complaint ("SAC").

11       3.  The SAC states cognizable Eighth Amendment deliberate indifference claims against

12           defendants Dr. Young, Jane Doe #1, and Jane Doe #2, as stated in Section III.C.

13       4.  Defendant's motion to opt out of Post-Screening ADR Project (ECF No. 36) is

14           GRANTED.

15       5.  The ADR stay of this action, commencing October 6, 2025 (ECF No. 33) is LIFTED.

16       6.  Within twenty-one days of the filing of this order, defendant Young shall file a

17           response to the SAC.

18       Further, **IT IS RECOMMENDED** that the Claim One against defendant John Doe #1,

19  and Claims Three and Four in the SAC be dismissed without leave to amend.

20       These findings and recommendations are submitted to the United States District Judge

21  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

22  after being served with these findings and recommendations, plaintiff may file written objections

23  with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

24  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

25  ////

26  ─────────────────────────

27  [4]  Once an answer has been filed in this case, the court will issue a discovery and scheduling
    order.  At that time, plaintiff will be able to pursue *formal* discovery to identify Jane Doe #1
    and Jane #2.  In the meantime, plaintiff should continue his efforts outside of these proceedings to

28  identify Jane Doe #1 and Jane #2.

1  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

2  (9th Cir. 1991).

3  DATED: November 20, 2025

4

5  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28