UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DON BROWN, | No. 2:22-cv-1571 DAD AC P |
| Plaintiff, | |
| v. | ORDER |
| ALLISON, et al., | |
| Defendants. | |

Pending before the court is plaintiff's motion for a 30-day extension of time and to appoint counsel. ECF No. 44.

Although plaintiff's motion does not specify which deadline he seeks to extend, it appears he may be referring to the deadline to file objections to the undersigned November 20, 2025, findings and recommendations, which were due this week. See ECF No. 41. Good cause appearing, plaintiff will be given an *additional* thirty days to file objections. Because this is plaintiff's second extension of time for filing objections, no further extensions will be granted absent exceptional circumstances.

Plaintiff motion for appointment of counsel is also his second request. See ECF Nos. 14, 44. In the present motion, plaintiff seeks appointment because he is indigent and cannot provide his own counsel. Id. at 2. District courts, however, lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298

1

(1989).  In exceptional circumstances, the court *may* request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as indigency or lack of legal education, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.  As screened, second amended complaint states Eighth Amendment deliberate indifference to health and safety claims against three defendants.  ECF No. 37 at 6.  Currently, there is nothing to suggest to the court that these claims are particularly complex, warranting appointment of counsel.  Additionally, plaintiff's indigency, on it's own, does not warrant appointment.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a thirty-day extension of time and appointment of counsel (ECF No. 44) is GRANTED IN PART and DENIED IN PART.  Plaintiff is GRANTED thirty days from the date of this order to file objections to the magistrate judge's November 20, 2025, findings and recommendations (ECF No. 37).  At this time, plaintiff is DENIED appointment of counsel.

DATED:  January 28, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE