UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD DON BROWN,

Plaintiff,

v.

ALLISON, et al.,

Defendants.

No.  2:22-cv-1571 DAD AC P

ORDER

Pending before the court are (1) plaintiff's motion to appoint counsel and for a sixty day extension of time, law library and phone access, ECF No. 46; (2) plaintiff's motion to access the law library and for medical records, ECF No. 47; (3) plaintiff's request for a medical evaluation, ECF No. 48; (4) plaintiff's motion to appoint counsel and for an extension of time, ECF No. 51; and (5) defendant's motion to modify the discovery and scheduling order, ECF No. 54.

I.    Background and Procedural History

On April 9, 2024, the court screened the original complaint and found that plaintiff failed to state a claim.  ECF No. 11.  Plaintiff was given leave to amend.  Id.

Plaintiff filed a first amended complaint ("FAC"), which the court screened.  ECF Nos. 14, 21.  On May 30, 2025, the court found that the FAC, liberally construed, sufficiently stated an Eighth Amendment claim against defendant Dr. Young, but did not state any claims against defendants Allison, Covello, or the County of Ione.  ECF No. 5 at 4-7.  Plaintiff was given the

1

option to proceed on his Eighth Amendment claim against Dr. Young or file a second amended complaint ("SAC"). Id. at 12. Plaintiff was warned that failure to elect between these options would result in a recommendation that defendants Allison, Covello, and County of Ione be dismissed without prejudice. Id.

After plaintiff failed to file his election, the undersigned proceeded to order service of the complaint on Dr. Young and issued findings and recommendations recommending that defendants Allison, Covello, and County of Ione be dismissed without prejudice. ECF Nos. 22, 23. Plaintiff was given twenty one days to file objections. Id. Plaintiff requested an extension of time which the court construed as a request for additional time to file objections to the findings and recommendations, and granted. ECF Nos. 26, 27. Plaintiff filed another motion for extension of time, which the court granted in part. ECF Nos. 29, 30.

On the date objections were due, plaintiff filed a motion to amend the complaint. ECF No. 35. Accordingly, on November 21, 2025, the court vacated the prior findings and recommendations, construed the motion to amend as a timely second amended complaint, and screened the SAC. ECF No. 37. The undersigned found that the SAC stated cognizable Eighth Amendment deliberate indifference claims against defendants Dr. Young, Jane Doe #1, and Jane Doe #2. ECF No. 37 at 6. The court noted that it was acceptable at this stage to proceed with Doe defendants, but that service of those defendants would not be ordered until plaintiff "1) identified them by their real names through discovery; and 2) filed a motion to amend the complaint to substitute their real names." Id. The court further found that the SAC did not state an Eighth Amendment deliberate indifference claim against Dr. John Doe #1 or any claims for relief based on deprivation of property or medical privacy. Id. at 7-9. The court recommended that plaintiff should not be given leave to amend his Eighth Amendment deliberate indifference claim against Dr. John Doe #1 or his claims based on deprivation of property or medical privacy because he had already been given two opportunities to amend and advised of the information he needed to provide and was unable to do so. Id. at 9-10. The court further recommended no leave to amend because the property and medical privacy claims were improperly joined in this action. Id. at 10.

2

Plaintiff filed a motion for extension of time to file objections to the November 21, 2025, findings and recommendations, which the court granted. ECF Nos. 40, 41. Plaintiff filed another motion for extension of time, with a motion to appoint counsel. ECF No. 44. The court granted the extension of time but denied the motion to appoint counsel because there was nothing to suggest this case was particularly complex and because indigency alone is not enough to warrant appointment of counsel. ECF No. 45.

Plaintiff now seeks (1) appointment of counsel and a sixty day extension of time, law library access and phone access, ECF No. 46; (2) an order regarding law library access and medical records, ECF No. 47; (3) an order for medical evaluation, ECF No. 48; and (4) appointment of counsel and an extension of time, ECF No. 51. Defendants seek modification of the discovery and scheduling order. ECF No. 54.

II.     Plaintiff's Motion to Appoint Counsel and for Extension of Time, Law Library and Phone Access (ECF No. 46)

Plaintiff's first motion seeks an order granting him (1) an Olson review[1] of his medical files, (2) a visit to the law library, (3) appointment of counsel, (4) a sixty-day extension of time to file his response, and (5) a legal call to the court to ask questions. ECF No. 46 at 1-2. In support of his request, plaintiff states that custody has made it very difficult for him to access his medical files and that the files he requires go back several years and he does not remember exact dates, only the approximate years. Id. at 2. He also states that he has been told that staff can take his files to the law library to obtain what he needs, but he does not trust staff with his confidential documents. Id. He also attaches documents regarding his requests. Id. at 4-10. The documents indicate that plaintiff's request for records has not been satisfied due to the volume of his request and that he has been asked to narrow the type of documents and dates he needs, and that he was told he could attend the law library during yard time or request supplies though the mail using a specific form. Id. at 5.

---

[1] An Olson review refers to the right of California inmates to inspect and copy non-confidential records maintained in their central and medical files, as established by In re Olson, 37 Cal. App. 3d 783 (1974).

3

Although several months have passed since plaintiff filed this motion, his concerns regarding an Olson review appear to be ongoing. See Section VI; ECF No. 54 at 2, 4-5; ECF No. 54-1 at 3. Accordingly, plaintiff's motion will be granted to the extent that defendant will be directed to report to the court regarding plaintiff's present access to an Olson review.

Considering plaintiff's transfer from California Substance Abuse Treatment Facility ("SATF") to California Health Care Facility ("CHCF"), plaintiff's concerns regarding law library access at SAT-F are moot. ECF No. 46 at 1; ECF No. 53 (Notice of Change of Address).[2] Accordingly, plaintiff's motion with respect to law library access will be denied as moot.[3]

Additionally, because plaintiff provides no additional reasons to warrant appointment of counsel, plaintiff's third request for appointment of counsel is denied without prejudice for the reasons previously stated. See ECF No. 14 at 8-9; ECF No. 45 at 1-2.

Plaintiff's motion also seeks an extension of time to respond. However, it is unclear whether plaintiff seeks (1) an extension of time to file objections to the court's findings and recommendations regarding dismissal of Claim One against John Doe #1 and Claims Three and Four of the SAC or (2) an extension of time to identify Jane Doe #1 and #2. To the extent plaintiff seeks an extension to file objections to the court's findings and recommendations, plaintiff will be afforded one final opportunity to file those objections. Plaintiff is informed that

---

[2] The Inmate Locator website operated by the California Department of Corrections and Rehabilitation (CDCR) indicates that plaintiff is currently incarcerated at CHCF. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[3] Moreover, to the extent plaintiff merely complained about lack of *physical* access to the law library, he is informed that while he has a right to access the courts, he does not have a right to physically access the law library. As long as plaintiff is receiving access to legal resources to pursue existing or contemplated non-frivolous litigation, and the access he is receiving is sufficient to prevent actual injury to plaintiff, his rights have not been violated. See Bounds v. Smith, 430 U.S. 817, 828 (1977) (the constitutional right of access to the courts requires prison authorities to provide prisoners with adequate law libraries or other resources); Lewis v. Casey, 518 U.S. 343, 346 (1996) (right of access to courts is only violated when inmate is prejudiced with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim).

4

he does not need to use specific forms to file objections to the court's findings and recommendations. Plaintiff can file his objections on plain paper, which shall include the case name and number and shall include the label "Objection to Magistrate Judge's Findings and Recommendations." Plaintiff is further informed that he does need to go to the law library to draft his objections to the magistrate judge's findings and recommendations. The court's screening order specifically identified the defects in Claim One against John Doe #1 and Claims Three and Four. If he wants to object, all he needs to do is to state which findings and recommendations he disagrees with and why. To the extent plaintiff seeks an extension of time to identify Jane Doe #1 and #2, the motion will be denied as moot in light of defendants' motion to modify the discovery and scheduling order, which will be granted and will afford plaintiff more time to complete discovery and obtain an Olson review. See ECF No. 54 at 2, 4-5; ECF No. 54-1 at 3. Accordingly, plaintiff's motion for an extension of time is denied as moot.

Lastly, to the extent plaintiff seeks to have an *ex parte* phone call with the court, his requests is denied as improper. The court may not have *ex parte* communications with any party. See United States v. Sierra Pac. Industries, Inc., 862 F.3d 1157, 1173 (9th Cir. 2017) ("Canon 3A(4) [of the Code of Conduct for United States Judges] prohibits *ex parte* communications or any "communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers[.]'"). Moreover, the court cannot provide legal advice to plaintiff. See Philer v. Ford, 542 U.S. 225, 231 (2004) (a judge providing legal advice to a pro se litigant "would undermine district judges' role as impartial decisionmakers"); Klinger v. Conan Doyle Estate, Ltd., 755 F.3d 496, 498-99 (7th Cir. 2014) (litigants cannot ask "federal judges for legal advice"); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 243 (3d Cir. 2013) ("[P]ro se litigants do not have a right to general legal advice from judges.").

Accordingly, plaintiff's first pending motion will be granted only to the extent that defendant will be directed to report to the court regarding the status of plaintiff's access to an Olson review, and will be otherwise denied.

III.    Plaintiff's Motion to Access the Law Library and Medical Records (ECF No. 47)

Plaintiff's second pending motion seeks an order granting him access to the law library and an Olson review.  ECF No. 47.  Plaintiff complains that staff at SATF are denying his request for access to the law library and Olson review because he is housed in the Restricted Housing Unit ("RHU").  Id.

As noted above, because plaintiff has moved facilities, the motion with respect to law library access is moot.  Also, because two motions concerning an Olson review are unnecessarily duplicative, and the court will direct defendant to respond to the first motion, the court will deny this motion as duplicative.

IV.    Plaintiff's Request for Medical Evaluation (ECF No. 48)

Plaintiff's third pending request seeks a court order for a medical evaluation by an outside medical specialty clinic.  ECF No. 48 at 1-2.  Plaintiff states he needs this "to help validate the legality of [his] medical claims," because he is not receiving fair treatment in custody.  Id.  Plaintiff also asserts he needs counsel because his case is complex and he needs a recorded video visit with the court to explain the complexities of this case.  Id. at 2.  He further asserts he is still being denied law library access at SATF and has not received an Olson review.  Id.  Plaintiff attaches the following documents: an ADA/Effective Communication Patient Summary from November 2025; a health care grievance from California Correctional Institute ("CCI") from November 2025; an institutional level response to his November 2025 health care grievance; medical discharge instructions from January 2026; a reasonable accommodation request and several health care grievances from SATF from February 2026; two health care requests forms from 2025 and 2026; and a Google print-out regarding side effects of Seroquel being crushed with Lyrica in water.  Id. at 3-23.

A.  Medical Evaluation

Rule 35 of the Federal Rules of Civil Procedure permits the court to order a party whose physical or mental condition "is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Fed. R. Civ. P. 35 (a)(1).  Such examination must be justified by showing that the party's medical condition is in controversy and that good cause

6

exists for the examination. Schlagenhauf v. Holder, 379 U.S. 104, 119-20 (1964).

However, "Rule 35 does not allow for a physical examination of oneself." Berg v. Prison Health Servs., 376 F. Appx. 723, 724 (9th Cir. 2010); see also Smith v. Carroll, 602 F.Supp.2d 521, 526 (D. Del. 2009) (holding that Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Instead, under appropriate circumstances, it allows the court to order a party to submit to a physical examination at the request of an opposing party."). Accordingly, Rule 35 does not authorize the examination plaintiff seeks. The court is unaware of any alternative basis for a court-ordered medical evaluation.

Like any other litigant, plaintiff is free to retain experts including medical experts to conduct medical record reviews or examinations that may support his claims. And like other litigants, plaintiff "would be responsible for the costs associated with the examination because the statute authorizing plaintiff's in forma pauperis status does not authorize the expenditure of public funds for expert witnesses." Foust v. Kuku-Ojo, No. 2:16-cv-27311 WBS 2019 2448308, at *1 (E.D. Cal. June 12, 2019). Accordingly, to the extent that plaintiff seeks a medical examination paid for by the court or with public funds, the motion for a medical evaluation must be denied.

In sum, the motion for a medical evaluation will be denied because plaintiff has identified no legal basis for the requested relief and the court is aware of none.

B. Appointment of Counsel

Plaintiff also requests appointment of counsel for a fourth time, and seeks a hearing on the issue because he believes his case is complex. For the reasons discussed below, his requests will be denied.

In exceptional circumstances, the court *may* request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009)

(district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as indigency or lack of legal education, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer v. Valdez, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Although deliberate indifference claims involving several defendants can be complex, the court has already assessed that there is nothing particularly complex in this case that warrants appointment of counsel. See ECF No. 45. Plaintiff has not presented additional information to warrant reconsideration of the court's prior decision. Plaintiff's deliberate indifference claims are no more complicated than the deliberate indifference claims brought by other prisoners who have proceeded pro se. Additionally, by filing two amended complaints, each of which have successfully stated claims, plaintiff has proven that he is capable of proceeding pro se at this time.

Moreover, it appears plaintiff's primary complaint is that he is physically unable to write to the court due to untreated or unmanaged pain. Plaintiff is informed that to the extent plaintiff believes he is not receiving adequate treatment for his pain and/or requires reasonable accommodations and is not receiving them, which appear to be his allegations based on the exhibits attached to the motion, he cannot pursue relief for those unrelated claims in this action. The claims in this action, as screened, are deliberate indifference to plaintiff's health and safety based on (1) Dr. Young's continued prescription of Lyrica and Seroquel crushed and floated, despite it being well-known that Seroquel can cause severe side effects when administered in that fashion and despite plaintiff's complaints of severe side effects like chest pain and trouble breathing; (2) Jane Doe #1's decision to place plaintiff in administrative segregation rather than suicide watch; and (3) Jane Doe #2's decision to not intervene in plaintiff's housing despite unhealthy and unsafe living conditions. See ECF No. 37 at 6. Anything outside the scope of these claims cannot be raised in this case.

8

C.  Law Library Access and Olson Review

Plaintiff also seeks law library access at SAT-F and an Olson review.  For the reasons previously stated, his request for law library access at SAT-F will be denied as moot and his request for an Olson review will be denied as unnecessarily duplicative.

V.    Plaintiff's Motion to Appoint Counsel and Extension of Time (ECF No. 51)

Plaintiff's fourth pending motion seeks appointment of counsel and an extension of time. ECF No. 51.  With respect to appointment of counsel, plaintiff states he requires counsel because of his hand injury and the court's requests for more and more written material.  Id.  For the reasons previously discussed, plaintiff's fifth request for appointment of counsel is denied.

With respect to an extension of time, plaintiff states he is still housed in the restrictive housing unit at SAT-F and that he has not been able to go to the law library or to have an Olson review.  Id. at 1.  Plaintiff also states that the law library sent him several forms and he asks the court to identify which forms he needs to complete.  Id.  As with his previous requests, ECF No. 46, it is unclear whether plaintiff seeks (1) an extension of time to file objections to the court's recommendation for dismissal of Claim One against John Doe #1 and Claims Three and Four, or (2) an extension of time to identify Jane Doe #1 and #2.  Regardless, for the reasons discussed in Section II, plaintiff's request for an extension of time is denied as moot.

VI.    Defendant Young's Motion to Modify Discovery and Scheduling Order (ECF No. 54)

Dr. Young has filed a motion to modify the discovery and scheduling order to extend both the deadline to complete discovery and the dispositive motion deadline by ninety days.  ECF No. 54.  To prevail on a request to amend a scheduling order under Rule 16(b)(4), a party must establish "good cause" for doing so.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992).  Here the good cause inquiry primarily centers on Dr. Young's diligence. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000).  Good cause to extend the discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Johnson, 975 F.2d at 609.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  Id. (citation omitted).

"If that party was not diligent, the inquiry should end." Id. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.

Dr. Young argues that good cause exists for the modification because, despite various efforts, defendant has been unable to complete plaintiff's deposition due to plaintiff's various placements in different mental health crisis units and higher levels of care while incarcerated. Id. at 2-5. Defendant also asserts that plaintiff does not oppose defendant's motion and that an extension will allow plaintiff more time to complete his Olson review and obtain the documents he seeks. Id.

Good cause appearing, Dr. Young's motion to modify the discovery and scheduling order will be granted.

CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion at ECF No. 46 is GRANTED IN PART AND DENIED IN PART as follows:

    a. GRANTED in that (i) defendant is ordered to file a status report within fourteen days regarding plaintiff's past and present access to Olson review, and (ii) plaintiff's deadline to file objections to the Findings and Recommendations dated November 21, 2025 (ECF No. 37), is extended to June 6, 2026. **There will be no further extensions of this deadline**; and

    b. DENIED in all other respects;

2. Plaintiff's motion at ECF No. 47 is DENIED;

3. Plaintiff's motion at ECF No. 48 is DENIED;

4. Plaintiff's motion at ECF No. 51 is DENIED;

5. Defendant Young's motion to modify the discovery and scheduling order, ECF No. 54, is GRANTED as follows:

    a. The discovery and scheduling order (ECF No. 43) is modified to extend the existing deadlines for discovery and dispositive motions;

    b. The parties may conduct discovery until August 6, 2026;

c.  All pretrial motions, exception motions to compel discovery and motions directly related to trial proceedings, shall be filed on or before October 29, 2026; and

d.  All other provisions of the court's discovery order, ECF No. 43, remain in effect.

DATED: May 6, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11